S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**DONNA MADDUX, OSB #023757**
Assistant United States Attorney
donna.maddux@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 3:14-CR-00184-JO** |
| v. | |
| | **GOVERNMENT'S MOTION FOR** |
| **RACHEL LEE,** | **COMPLEX CASE DESIGNATION,** |
| **BLANCEY LEE,** | **CONTINUANCE, AND FINDINGS** |
| **PORSHA LEE, and** | **OF FACT PURSUANT TO** |
| **SAMANTHA LEE,** | **18 U.S.C. § 3161 (h)(7)** |
| **Defendants.** | |

The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, and Assistant United States Donna Maddux, submits this motion for complex case designation and a continuance of the trial date pursuant to 18 U.S.C. § 3161 (h)(7)(B)(ii). The government requests findings that the case is complex and that the ends of justice served by a continuance outweigh the interest of the public and defendant Rachel Lee in a speedy trial.

**GOVERNMENT'S MOTION FOR COMPLEX CASE DESIGNATION, CONTINUANCE,**        **Page 1**
**AND FINDINGS OF FACT**

**I.**    **Procedural Posture**

The indictment in this case was returned by the Grand Jury on May 7, 2014 [Doc. 1]. The indictment charges the four named defendants with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, seven counts of Engaging in Monetary Transactions in Criminally Derived Property in violation of 18 U.S.C. § 1957, and one count of Conspiracy to Commit Transactional Money Laundering in violation of 18 U.S.C. § 1956(h).  As alleged in the indictment, both conspiracy counts span a ten-year time period beginning in 2004 and continuing through May 2014.

Internal Revenue Service – Criminal Investigation Special Agents arrested Rachel Lee and Porsha Lee on May 8, 2014.  Both defendants appeared for their arraignment on the indictment and detention hearing before Magistrate Judge Hubel on May 9, 2014 [Doc. 12, 13]. Judge Hubel scheduled a ten-day jury trial beginning July 15, 2014.   Judge Hubel also ordered both defendants detained pre-trial based on risk of flight [Doc. 14, 15].

Defendant Samantha Lee self-surrendered on May 12, 2014 and appeared before Magistrate Judge Papak for her arraignment on the indictment and detention hearing [Doc. 17]. Judge Papak ordered Samantha Lee released on conditions [Doc. 18].

Defendant Blancey Lee self-surrendered on May 14, 2014 and appeared before Magistrate Judge Hubel for his arraignment on the indictment and detention hearing [Doc. 24]. Judge Hubel ordered Blancey Lee released on conditions [Doc. 25].

Defendants Porsha Lee and Rachel Lee appeared before Magistrate Judge Papak for a review of detention on June 18, 2014 [Doc. 35 and 36].  Judge Papak released both defendants pursuant to conditions of release [Doc. 34 and 37].

**GOVERNMENT'S MOTION FOR COMPLEX CASE DESIGNATION, CONTINUANCE,**    **Page 2**
**AND FINDINGS OF FACT**

The government objected to the release of defendant Rachel Lee and sought review of Judge Papak's release decision.   The government filed a motion for district court review and revocation of the release decision [Doc. 39].  After an evidentiary hearing, the district court issued an order revoking defendant Rachel Lee's release based on risk of flight on July 1, 2014 [Doc. 44].

### Defense Motions to Continue and Speedy Trial Act Waivers

Defendant Blancey Lee filed a motion to continue trial on July 1, 2014, requesting the trial be continued for no fewer than six (6) months pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B) [Doc. 45].  In his declaration in support of the motion to continue, defense counsel states that he requires "additional time to prepare for trial in this complicated matter."  [Doc. 46, p. 2].

Defendant Samantha Lee filed a motion to continue trial on July 2, 2014, requesting the trial be continued for no less than six (6) months pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B) [Doc. 48].  In his declaration in support of the motion to continue, defense counsel states financial analysis of a significant number of bank records must be conducted and accurately states that the government will be providing additional discovery. [Doc. 49, p 2].

Defendant Porsha Lee filed a motion to continue trial on July 3, 2014 pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B) [Doc. 48].  In his declaration in support of the motion to continue, defense counsel states that defendant Porsha Lee has no objection to a six (6) month set over.  Defense counsel further states that the "amount of discovery is large" and "the nature of much of the discovery and expected discovery, consisting of bank records and similar documents, requires complex analysis."  [Doc. 51, p. 2].

Defendant Rachel Lee filed a motion in opposition to codefendants' request for a six (6) month trial delay on July 1, 2014 [Doc. 47]. Defendant Rachel Lee asserts that a delay of six (6) months is longer than necessary or reasonable and would not serve the ends of justice. [Doc. 47, p. 2]. Defendant Rachel Lee does not suggest an alternate date in her motion, but suggests that a realistic trial date be set based in part on the remaining discovery to be provided by the government.

## II.    Speedy Trial Act – Legal Standard

The Speedy Trial Act (herein after "the Act") generally requires a trial to commence within 70 days of the public filing of an indictment or the defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). However, "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *United States v. Zedner*, 547 U.S. 489, 497 (2006). In order to provide flexibility under necessary circumstances, the Act provides a mechanism for courts to exclude certain periods of time from the computation of the 70 days within which a trial must ordinarily commence. 18 U.S.C. § 3161(h).

Much of the flexibility afforded by the act is provided by 18 U.S.C. § 3161(h)(7) which governs "ends of justice" continuances. *Id.* at 498. In relevant part, 18 U.S.C. § 3161(h)(7) makes excludable:

> (A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in

the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

In order to grant an "ends of justice" continuance, a district court must satisfy two requirements: (1) the continuance is specifically limited in time, and (2) the continuance is justified on the record with reference to the facts as of the time delay is ordered. *United States v. Clymer*, 25, F.3d 824, 828 (9th Cir. 1994) citing *United States v. Jordan*, 915 F.2d 563, 565 (9th Cir. 1990). The district court must conduct an "appropriate" and "independent" inquiry before granting an "ends of justice" continuance. *United States v. Lloyd*, 125, F.3d 1263, 1269 (9th Cir. 1997).

## III.    Analysis

### A. 70-Day Clock

If several defendants are joined, the 70–day limit is measured from the date the last codefendant is arraigned. *United States v. Morales,* 875 F.2d 775, 776 (9th Cir.1989).

The date of the last codefendant arraignment on this indictment is May 14, 2014 [Doc. 24]. Using May 14, 2014 as the starting date for tolling, and conservatively assuming no other excludable time, the 70 day-limit in this case runs on July 23, 2014.

**B.  The Present Case is Complex**

The present case is complex  for purposes of § 3161(h)(7) (B)(ii).   This case involves multiple defendants, voluminous and ongoing discovery, and conspiracy counts spanning a decade of conduct.   Therefore, valid reasons exist for greater delay in this case.

The complexity of this case is driven by the large amount of money involved in the charged conduct and the ten-year time span of activity.   Tracking the movement and expenditure of millions of dollars of the victim's money by the defendants is a complex and challenging effort.  As the government indicated in earlier proceedings, the alleged loss in this case is at least twelve million dollars and could reach as high as twenty million dollars.  Defendants allegedly funneled the stolen funds over many years into multiple bank accounts, to family members and friends, into at least ten properties in two states, and into multiple luxury cars and boats also located in at least two states.  Despite the exercise of great diligence in this task, the government continues to identify new accounts and assets purchased with the victim's money.

Immediately after arraignments in May, the government provided defense counsels with the first production of records.  The first production included close to seven thousand pages of documents, including thousands of pages of bank records.  The government made subsequent productions on June 4, 2014 and July 8, 2014.  In total, the discovered material includes close to ten thousand pages of scanned documents, ten hours of recorded interviews,  and computer forensic reports.

Just this week, the government received responsive records from Wells Fargo Bank. Wells Fargo identified thirteen separate bank accounts responsive to our request, and those records will be processed for discovery as soon as practical.  The government is waiting on

responses from banks, insurances companies, title companies, brokerage accounts, as well as cell phone and email providers.   The governments anticipates return of this information no later than mid-August.  However, the content of emails and text messages are subject to review by a filter team prior to the prosecution team accessing that material.   Based on the above, the government needs additional time – months, not weeks – to complete  receipt and analysis of records, continue the investigation, and prepare for trial.

The conclusion that this case is complex is shared by each defense counsel.  Defendants Blancey Lee, Porsha Lee, and Samantha Lee all reference the complexity of this case and their need for more time to prepare in their request for a continuance.   While defendant Rachel Lee objects to a six (6) month set over, at the June 30, 2014 hearing on the review of Rachel Lee's release order, defense counsel Lisa Hay described this case as  "complicated." [Tr. at p. 10].

The number of codefendants, the voluminous discovery, the need for further production, and the time span covered by the conspiracy counts all support a finding of complexity and excludable delay under § 3161(h)(7)(B)(ii).  Courts have granted continuances because of complexity in similar circumstances. *Unites States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (holding ends of justice continuance justified where case involved voluminous discovery, a large number of counts, several defendants, and ongoing investigations).

In the alternative, if the court does not find that the case is complex, the government requests a continuance pursuant to § 3161(h)(7)(B)(iv).  Under § 3161(h)(7)(B)(iv), the court may grant a continuance and excludable time in cases that are not complex where the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government

the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

Here, the government and three of the four codefendants suggest that the reasonable time necessary for effective preparation, based on the above listed factors, is no less than six (6) months.   Therefore, if the court does not find that this case is complex, the court may grant a continuance and excludable time based on the parties need for effective preparation.  See *United States v. Dota*, 33 F.3d 1179, 1182 (9th Cir. 1994) (granting an ends of justice exception where three of four codefendants requested additional time and the government needed more time to complete its receipt and analysis of various necessary records, including bank records, telephone tolls, and credit card receipts, conduct follow up investigation,  and prepare for trial).

### C.  The Policy of Favoring Joint Trials Provides a Basis for Continuance

When defendants are joined for trial, the complexity of the case "necessarily must be assessed with reference to the joint trial."  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) citing *United States v. Daychild*, 357 F.3d 1082, 1091 (9th Cir. 2004).

"Generally speaking, defendants jointly charged are to be jointly tried."  *Id.* at 1177 citing *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980).   Jointly trying joined defendants promotes efficiency and fairness, prevents the "favoring of last-tried defendants who have the advantage of knowing the prosecutor's case before-hand" and spares witnesses and victims from "repeating in the inconvenience (and sometimes the trauma) of testifying" on multiple occasions.  *Id.* citing *Richardson v. Marsh*, 481 U.S 200, 210 (1987).

The government intends to try all defendants who proceed to trial in this case jointly. Three of four codefendants in this case currently seek up to six (6) months to prepare for trial.

**GOVERNMENT'S MOTION FOR COMPLEX CASE DESIGNATION, CONTINUANCE,      Page 8 AND FINDINGS OF FACT**

Their request provides a sufficient basis for the court to grant a continuance  because "allowing … codefendants time to prepare for trial furthers the policy of favoring joint trials." *Lewis*, 611 F.3d at 1178.  See *United States v. Dota*, 33 F.3d 1179, 1183 (9th Cir. 1994) (holding that an "ends of justice" continuance may be justified, over the objection of one defendant, on the grounds that codefendants need more time to review large amounts of discovery, do follow-up investigation, and prepare for trial).

### D.  Delay from Continuance is Excludable Time for All Codefendants

Should the court grant a continuance based on the requests of defendants Blancey Lee, Porsha Lee and Samantha Lee or based on the request of the government, the time of delay from the grant of the continuance until trial should be excluded time as to all four defendants, including Rachel Lee.   An exclusion as to one defendant applies to all codefendants.  *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993).

### E.  A Delay of Six Months is Reasonable

A continuance and exclusion under § 3161(h)(7) in a multi-defendant case must also be analyzed under § 3161(h)(6) for reasonableness.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010).  Section 3161(h)(6) provides that a court shall exclude a "reasonable" period of delay "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."

The reasonableness of delay is reviewed on a "case-by-case basis, given the fact-bound nature of the inquiry."  *Id.* citing *United States v. Messer*, 197 F.3d 330, 337 (9th Cir. 1999).

In light of the above-outlined issues, and because this case involves multiple defendants, voluminous discovery, and conspiracy counts spanning  a decade, a six (6) month continuance is

reasonable.  See *Butz*, 982 F.2d at 1381 – 1382 (127 days of excludable time reasonable for 168-day delay);  *United States v. Holyfield*, 802 F.2d 846, 848 (6th Cir. 1986) (excludable time reduction of 202-day delay to within 70-day limit held reasonable under Speedy Trial Act).

## IV.   Conclusion

An "ends of justice" continuance is proper in this case, pursuant to either 18 U.S.C. § 3161 (h)(7)(A) and (B)(ii) or (B)(iv), because:

- the case is complex,

- the defendants need more time to prepare for trial,

- the government needs more time to complete its receipt and analysis of various necessary records, to conduct follow up investigation, and to prepare for trial,

/ / /


/ / /


/ / /


/ / /


/ / /


**GOVERNMENT'S MOTION FOR COMPLEX CASE DESIGNATION, CONTINUANCE,**          **Page 10**
**AND FINDINGS OF FACT**

- a continuance facilitates the efficient use of judicial resources by enabling a joint trial, and

- the ends of justice served by a continuance outweigh the interest of the public and defendant Rachel Lee in a speedy trial.

Finally, a continuance of six (6) months is reasonable given the fact-specific issues in this case.

Dated this 11th day of July, 2014.


Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney


 /s/  Donna Maddux
DONNA MADDUX OSB #023757
Assistant United States Attorney


**GOVERNMENT'S MOTION FOR COMPLEX CASE DESIGNATION, CONTINUANCE, AND FINDINGS OF FACT**                    **Page 11**

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing will be served on all parties registered on the Court's electronic filing system.


 /s/  Donna Maddux
DONNA MADDUX
Assistant United States Attorney