S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**DONNA B. MADDUX, OSB #023757**
Assistant United States Attorney
donna.maddux@usdoj.gov
**ANNEMARIE SGARLATA, OSB #065061**
Assistant United States Attorney
annemarie.sgarlata@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for United States of America

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:14-CR-00184(1)-JO |
| v. | GOVERNMENT'S RESPONSE TO DEFENDANT RACHEL LEE'S MOTION FOR A COMPETENCY HEARING FOR THE VICTIM |
| RACHEL LEE, | |
| Defendant. | |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, through Donna Brecker Maddux and AnneMarie Sgarlata, Assistant United States Attorneys for the District of Oregon, hereby submit this response to defendant Rachel Lee's motion for a competency hearing for Ralph Raines, Jr.

**Legal Standard**

The competency of witnesses to testify in federal criminal trials is governed by Federal Rule of Evidence 601.  Fed.R.Evid. 601 provides that "[e]very person is competent to be a

witness unless these rules provide otherwise."  There is a presumption of competence in the Rule and "there is no minimum or baseline mental capacity requirements witnesses must demonstrate before testifying."  *United States v. Allen J.*, 127 F.3d 1292, 1294 (10th Cir. 1997), *cert. denied*, 523 U.S. 1013 (1998).  When questions arise regarding the mental capacity of a witness, the presumption favors allowing the testimony.  *Fed.R.Evid. 601 advisory committee notes*.

Under the current framework, older common law rules of incompetency "have been converted into mere grounds" for impeachment.  *McCormick on Evidence* § 61, at 155 (E.W. Cleary 3rd ed. 1984).  In *United States v. Bedonie*, 913 F.2d 782, 798 (10th Cir. 1990), *cert. denied*, 501 U.S. 1253 (1991), the defendants argued that government witnesses were incompetent to testify because they made multiple prior inconsistent statements.  The court rejected that argument, finding that concerns regarding mental incapacity or memory loss go to credibility of the witness before the jury, and not competency to testify.  *Id. at 800*.  Capacity to testify is a question "particularly suited to the jury as one of weight and credibility."  *Fed.R.Evid. 601 advisory committee notes*.

**Analysis**

Consistent with Fed.R.Evid. 601 and the intent of the drafters of the Rule, the victim in this case should not be subjected to a competency hearing prior to trial.  R.R. Jr. is competent to testify under Fed.R.Evid. 601 and there is nothing about this particular witness that warrants further scrutiny or exclusion in advance of his testimony.  Defense counsel can, and certainly will, challenge this victim's recollection during cross-examination.

Cases cited by defendant also support the proposition that concerns regarding the mental capacity of a witness and ability to recall are issues of credibility for the factfinder, and not

competency. In *United States v. Ramirez*, 871 F.2d 582, 584 – 585 (6th Cir. 1989), the defendant argued that a particular witness was incompetent to testify because her memory could not be trusted. In affirming the district court's decision to allow the testimony, the appeals court noted that issues regarding ability to recall go to witness credibility, not competency, and are properly addressed during "effective cross-examination." *Id. at 584*; see also *United States v. Gates*, 10 F.3d 765, 766 (11th Cir. 1993) (Rule 601 allows one not mentally competent to testify, and it assumes that jurors are capable of evaluating a witness's testimony in light of the fact that he is not mentally competent; decision of the district court declining to conduct a hearing on competency affirmed).

**Conclusion**

For the reasons stated above, defendant's motion asking the court to subject the victim to a competency hearing prior to trial should be denied.

DATED this 4th day of September 2014.

        Respectfully submitted,

        S. AMANDA MARSHALL
        United States Attorney

        */s/ Donna Maddux*
        DONNA BRECKER MADDUX, OSB #023757
        Assistant United States Attorney

        */s/ AnneMarie Sgarlata*
        ANNEMARIE SGARLATA, OSB #065061
        Assistant United States Attorney