**STEVEN B. UNGAR**, OSB No. 960029
 steve@angelilaw.com
Angeli Ungar Law Group LLC
121 SW Morrison Street, Suite 400
Portland, OR  97204
Telephone:  (503) 954-2232
Facsimile:   (503) 227-0880

Attorneys for Defendant Blancey Lee

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:14-CR-00184(2)-JO |
| Plaintiff, | **DEFENDANT BLANCEY LEE'S MOTION TO SEVER TRIAL AND MEMORANDUM OF LAW IN SUPPORT** |
| vs. | |
| BLANCEY LEE, | |
| Defendant. | |

Pursuant to Federal Rule of Criminal Procedure 14(a), Defendant Blancey Lee moves to sever his trial from that of co-defendants Rachel Lee, Porsha Lee and Samantha Lee.

Rule 14(a) provides for relief from joinder of defendants when such joinder would prejudice a party. Severance from codefendants named in the same indictment pursuant to Rule 8 is warranted when

PAGE 1 –     DEFENDANT BLANCEY LEE'S MOTION TO SEVER TRIAL AND
             MEMORANDUM OF LAW IN SUPPORT

> evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened.

*Zafiro v. United States*, 506 U.S. 534, 539 (1993).

While "[m]ere inconsistency in defense positions is insufficient to warrant severance," the "probability of reversible prejudice increases as the defenses move beyond the merely inconsistent to the antagonistic." *United States v. Mayfield*, 189 F.3d 895, 899-900 (9th Cir. 1999) (citations and quotations omitted). Severance is required when "the core of the co-defendant's defense is so irreconcilable with the core of [the defendant's] own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." *Id.* at 900 (quoting *United States v. Throckmorton,* 87 F.3d 1069, 1072 (9th Cir.1996)).

In this case, Mr. Lee is charged with conspiring to commit various offenses with Rachel Lee and her two daughters (Porsha Lee and Samantha Lee). As suggested by the discovery in this case, Mr. Lee will likely deny that he was part of any such conspiracy at trial, and state that the evidence produced in discovery demonstrates that he did not join or aid and abet the alleged conspiracy (or its members) and that if any wrongdoing was committed, it was committed by his co-defendants. It is to be expected that Rachel, Porsha and Samantha Lee will similarly aver. It is to be expected, further, that due to their familial relationships, the other three co-defendants will each accuse *only Mr. Lee* of being responsible for any wrongdoing.

This circumstance warrants severing Mr. Lee's trial from that of his codefendants. As the Ninth Circuit has held, "[w]hen defendants present mutually exclusive defenses, the jury often cannot 'assess the guilt or innocence of the defendants on an individual and independent basis.'"

PAGE 2 –     DEFENDANT BLANCEY LEE'S MOTION TO SEVER TRIAL AND
            MEMORANDUM OF LAW IN SUPPORT

*Mayfield*, 189 F.3d at 899-900 (quoting *United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991)).  That is likely to be the case here; if in an attempt to "save themselves" each of Mr. Lee's co-defendants is to (as expected) point accusatory fingers solely at Mr. Lee, then Mr. Lee is entitled to have a trial that is separate from those co-defendants.[1]

       DATED: September 8, 2014.

                               Respectfully submitted,

                               s/ Steven B. Ungar
                               STEVEN B. UNGAR, OSB No. 960029
                               (503) 954-2232
                               Attorneys for Defendant Blancey Lee

---

[1] If Mr. Lee and his codefendants stand trial together, it is likely that the trial will almost exactly mirror that which the Ninth Circuit reversed in *Mayfield*:  "In short, the situation envisioned by *Tootick* is precisely what happened here. [Co-defendant] Gilbert's counsel used every opportunity to introduce impermissible evidence against [defendant] Mayfield, and her closing argument barely even addressed the government's evidence against her client and instead focused on convincing the jury that Mayfield was the guilty party, not her client." *Mayfield*, 189 F.3d at 900.

PAGE 3 –    DEFENDANT BLANCEY LEE'S MOTION TO SEVER TRIAL AND MEMORANDUM OF LAW IN SUPPORT