IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| | | No. 3:14-cr-00184-JO-1 |
| Plaintiff, | | |
| | | REPLY TO GOVERNMENT RESPONSE TO DEFENDANT'S MOTION FOR COMPETENCY HEARING |
| v. | | |
| RACHEL LEE, | | |
| efendant | | |

Defendant, Rachel Lee, through her attorney Lisa Hay, hereby submits this Reply to the Government's Response to the Defendant's Motion for Competency Hearing. For the reasons stated, the request for a hearing should be granted.

As an exhibit to its motion for a hearing, the defense provided a transcript excerpt from a government witness, a lawyer representing Mr. Ralph Raines, Jr., who testified that he had concerns about Mr. Raines' competency. The government has responded by

Page 1 REPLY TO GOVERNMENT RESPONSE TO MOTION FOR COMPETENCY
         HEARING

merely asserting that Mr. Raines "is competent to testify under Fed.R.Evid. 601" without providing any evidence or citation for that assertion (Govt Resp. p. 2).  Given the existing record in this case, which includes the attorney's concerns about competency, and given that Mr. Raines is a critical witness in the case, the Court should hold a hearing.

A Court's pre-trial review of a witness's ability to testify is not limited by Rule 601. As the Sixth Circuit has noted, a Court maintains the authority and the responsibility to act as a gate-keeper to exclude certain witness testimony:

> The authority of the court to control the admissibility of the testimony of persons so impaired in some manner that they cannot give meaningful testimony is to be found outside of Rule 601. For example, the judge always has the authority under Rule 403 to balance the probative value of testimony against its prejudicial effect. Similarly, under Rule 603, the inability of a witness to take or comprehend an oath or affirmation will allow the judge to exclude that person's testimony. An argument can also be constructed that a person might be impaired to the point that he would not be able to satisfy the "personal knowledge" requirement of Rule 602. Again though, it is important to remember that such decisions by a trial judge to either admit or exclude testimony will only be reversed for a clear abuse of discretion.

*United States v. Ramirez*, 871 F.2d 582, 584 (6th Cir. 1989).  Indeed, defense counsel could be deemed ineffective for not seeking a competency hearing when there is reason to question the testimonial abilities of a witness. *See, e.g., Medina v. Diguglielmo*, 461 F.3d 417 (3rd Cir. 2006) (defense counsel ineffective for not requesting competency hearing of key child witness).  The defense is not seeking a psychological evaluation of the witness, but rather a pretrial hearing at which issues of competency can be resolved.

For these reasons and those noted in the Motion for Competency hearing, the defense respectfully requests a pre-trial hearing.

Respectfully submitted on September 8, 2014.

/s/ *Lisa Hay*
Lisa Hay
Assistant Federal Public Defender