Benjamin T. Andersen, Of Counsel
Pacific Northwest Law, LLP
1420 World Trade Center
121 S.W. Salmon Street
Portland, Oregon 97204
t. 503.222.2510 f. 503.546.0664
btandersen@pacificnwlaw.com

Attorney for Defendant Porsha Lee

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　Plaintiff,<br>v.<br>Porsha LEE,<br>　　　　　　　　　Defendant. | Case No.　　3:14-CR-184-JO-3<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEVER AND CONTINUE/RESET TRIAL DATE |

Porsha Lee asks this court to sever her from the currently-set trial and continue her trial date two months or more.

Rule 14(a) of the Federal Rules of Criminal Procedure governs the severing of trials of co-accused defendants:

> Rule 14. Relief from Prejudicial Joinder
>
> (a) Relief. If the joinder of offenses or defendants in an indictment … appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FRCrP 14(a) (in relevant part).

The ordering of separate trials requires unusual circumstances and the power to do so rests within the broad discretion of the District Court. A district court should grant a

severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants. *Zafiro v. United States*, 506 US 534, 539 (1993).

Broad discretion must be granted to trial courts on matters of continuances; only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel. *Ungar v. Sarafite*, 376 US 575, 589 (1964); *see also Morris v. Slappy*, 461 US 1, 11-12 (1983). A denial of a motion to continue must not be "arbitrary or unreasonable." *United States v. Wills*, 88 F.3d 704, 711 (9th Cir. 1996).

The circumstances in this situation, as detailed further in the attached declaration, are certainly "unusual," and there is a serious risk that not severing her case and requiring Porsha Lee to proceed to trial on the presently-set schedule would compromise her Sixth Amendment rights to the effective assistance of counsel and to participate in her own trial. *See Illinois v. Allen*, 397 US 337, 342-343 (U.S. 1970) (discussing the right of a defendant to be present at trial).

Rachel Lee is the only co-defendant who is incarcerated. The current setting of the trial date is already outside the normal 70-day window contemplated by the Speedy Trial Act (18 USC 3161) and was made pursuant to the Court's finding that this case is "complex" under 18 USC 3161 (h)(7)(B)(ii). Porsha Lee does not ask this court to disturb that finding or to reset Rachel Lee's current trial date, which may not comport with Rachel Lee's Speedy Trial rights. Instead, Porsha Lee asks this court to sever her from the trial date and set her trial date out two months or more in order to allow her to recover from

PAGE 2 – MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEVER AND CONTINUE/RESET TRIAL DATE
United States v. Porsha LEE,
    USDC Oregon Case No. 3:14-CR-184-JO-3

surgery, to have further meaningful ability to consult with counsel, and to participate in her trial without recovering from a substantial surgery.

This requested relief would satisfy Rachel Lee's right to a speedy trial while also satisfying Porsha Lee's Constitutional rights.

DATED and SIGNED this September 15, 2014.

>Pacific Northwest Law, LLP
>
>/s/ (intended as original in electronic filings)
>_____
>Benjamin T. Andersen, OSB 06256
>Attorney for Defendant