S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**DONNA MADDUX, OSB #023757**
Assistant United States Attorney
donna.maddux@usdoj.gov
**ANNEMARIE SGARLATA, OSB #065061**
Assistant United States Attorney
annemaire.sgarlata@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BLANCEY LEE, and<br>PORSHA LEE<br><br>   Defendants. | Case No. 3:14-CR-00184-2,3-JO<br><br>GOVERNMENT'S RESPONSE TO MOTIONS FOR SEVERANCE BY DEFENDANT BLANCEY LEE AND DEFENDANT PORSHA LEE |

The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, and Assistant United States Attorneys Donna Maddux and AnneMarie Sgarlata, submit this response to requests for severance from defendant Blancey Lee and defendant Porsha Lee.

Defendants' requests for severance should be denied. If defendant Porsha Lee persuades the court that additional time is necessary for Porsha Lee to participate in her own trial and receive effective assistance of counsel, the court should delay the joint trial, for all four co-defendants, no more than thirty (30) days.

I.     **Status of the Case**

On May 7, 2014, the grand jury returned a thirteen count indictment charging defendants with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, eleven counts of money laundering in violation of 18 U.S.C. § 1957, and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). On September 3, 2014, the grand jury returned a superseding indictment, adding three counts of failure to file income taxes in violation of 26 U.S.C. § 7203 for defendant Rachel Lee and one count of submitting a false income tax return in violation of 26 U.S.C. § 7206(1) for defendant Blancey Lee.

Following defendants' arraignments in May 2014, the court scheduled an initial trial date of July 15, 2014. After three defendants and the government requested trial continuances, the court conducted a status hearing on July 15, 2014. At that hearing, the court granted the government's motion for complex case designation and reset the ten-day trial to October 27, 2014. Each defendant waived their rights under the Speedy Trial Act for the limited purpose of this trial reset.

Defendant Blancey Lee now requests severance of his trial from the trial of his codefendants based upon prejudice. Due to her current medical condition and her attorney's need for additional time to prepare, defendant Porsha Lee also requests severance and a continuance.

## II.     Analysis

### A.  Severance of Properly Joined Co-defendants Is Disfavored.

Under Rule 8(b) of the Federal Rules of Criminal Procedure, an indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."

Defendants Blancey Lee, Porsha Lee, and Rachel Lee are properly joined as coconspirators in a conspiracy to commit wire fraud as alleged in count 1, and a separate conspiracy to commit transactional money laundering as alleged in count 13. Defendant Samantha Lee is joined in count 13, but not count 1.

Rule 8(b) is construed liberally in favor of joinder because joint trials promote judicial economy and efficiency, diminish inconvenience to witnesses and public authorities, and serve the interests of justice by avoiding inconsistent verdicts. See *United States v. Sarkisian*, 197 F.3d 966, 975 (9th Cir. 1999); *United States v. Sanchez Lopez*, 879 F.2d 541, 551 (9th Cir. 1989). Co-defendants jointly charged are, prima facie, to be jointly tried. See *United States v. Mariscal*, 939 F.2d 884, 885 (9th Cir. 1991).

This presumption is most compelling in conspiracy cases where, as here, proof of the charges against the defendants is based on substantially the same evidence. See *United States v. Freeman*, 6 F.3d 586, 598 (9th Cir. 1993) citing *United States v. Hernandez,* 952 F.2d 1110, 1114 (9th Cir.1991), *cert. denied,* 506 U.S. 920 (1992).

/ / /

/ / /

/ / /

### B. Defendants Have Not Demonstrated Manifest or Undue Prejudice Sufficient to Warrant Severance.

Rule 14 permits severance of defendants properly joined under Rule 8 if a joint trial would be unduly prejudicial. However, "[s]ome prejudice is inherent in any joinder of defendants." *United States v. Smith*, 893 F.2d 1573, 1581 (9th Cir. 1990). In *United States v. Vaccaro*, 816 F.2d 443, 448 (9th Cir. 1987), the Court noted that "if only 'some' prejudice is all that need be shown, few, if any, multiple defendant trials could be held."

To warrant severance, a defendant must demonstrate clear, manifest or undue prejudice. *Id.*; See *U.S. v. Zafiro*, 506 U.S. 534, 538-39 (1993) (severance should be granted only if there exists a "serious risk that a joint trial would compromise a particular trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence"); *United States v. Cruz*, 127 F.3d 791, 798 799 (9th Cir. 1997). The risk of prejudice to a particular defendant varies with the facts of each case.

Even if prejudice is shown, Rule 14 does not require severance, but leaves the tailoring of relief to the district court's sound discretion. *Zafiro*, 506 U.S. at 538-39. Measures less drastic than severance, including properly crafted jury instructions, often suffice to cure any possibility of prejudice. *Id.* at 540-41.

### 1. Defendant Blancey Lee's speculative concerns can be addressed by means less drastic than severance.

Defendant Blancey Lee claims that severance is warranted because he speculates that his co-defendants will each accuse only Blancey Lee of wrongdoing. To the contrary, based on the investigation to date, the allegations in the indictment, and the anticipated evidence at trial,

defendants Rachel Lee and Porsha Lee will be unable to escape responsibility for the fraud against the victim in this case.

Even if defendant Blancey Lee's speculative assertion comes to fruition, the Supreme Court has specifically rejected mere co-defendant accusations or mutually antagonistic defenses as a basis for severance. *Zafiro*, 506 U.S. at 540. In *Zafiro*, co-defendants claimed that the nature of the charges and available defenses prejudiced them, because when co-defendants "claim they are innocent and each accuses the other of the crime" there is a risk that a jury may find at least one of the defendants guilty "without regard to whether the Government has proved its case beyond a reasonable doubt." *Id.* The Supreme Court held that these types of risks could be cured by instructing the jury regarding the government's burden of "proving beyond a reasonable doubt" that each defendant committed the crimes charged and that the jury must "give separate consideration to each individual defendant and to each separate charge against" that individual defendant. *Id.*

Here, as in *Zafiro*, any prejudice to defendant Blancey Lee as a result of currently speculative co-defendant accusations against him during trial can be neutralized through carefully crafted instructions from this court to the jury and the parties. *See United States v. Freeman*, 6 F.3d 586, 598 (9th Cir. 1993) ("[W]here, as here, the district court uses great diligence in instructing the jury to separate the evidence, severance is unnecessary because the prejudicial effects of the evidence of codefendants are 'neutralized.'") citing *United States v. Patterson,* 819 F.2d 1495, 1503 (9th Cir. 1987).

Defendant Blancey Lee likens his situation to that of the defendant in *United States v. Mayfield*, and claims this entitles him to severance. *United States v. Mayfield*, 189 F.3d 895 (9th

Cir. 1999).  Defendant Blancey Lee is incorrect.  In a rare ruling finding severance necessary, the Ninth Circuit concluded in *Mayfield* that, "if the jury accepted" Mayfield's co-defendant's defense, "it necessarily had to convict Mayfield."  *Id.* at 900. The court additionally found that the trial court failed to give critical limiting instructions and co-defendant's counsel elicited testimony in violation of the trial court's pre-trial limiting order which further incriminated Mayfield.  *Id.* at 899 – 900.  None of those conditions exist in the current case and as stated previously, can be addressed by proper instructions.

For these reasons, defendant Blancey Lee's motion for severance should be denied.

**2. Defendant Porsha Lee's concerns do not warrant severance and should be addressed, if at all, through a reset of the joint trial.**

Defendant Porsha Lee asserts that proceeding to trial on the currently scheduled trial date would compromise her right to effective assistance of counsel and to participate in her own trial. This assertion is based in part on the fact that Porsha Lee is currently pregnant and expected to give birth days prior to the trial date.  Defendant Porsha Lee also asserts that it will be difficult for her attorney to be prepared for the current trial date based on the large volume and ongoing nature of discovery in this case.  As a result defendant Porsha Lee asks the court to sever her from the current scheduled trial date and to set her trial out two months or more – or no earlier than December 27, 2014.

The government accepts the factual assertions related to Porsha Lee's pregnancy and has no evidence to the contrary.  As to the volume of discovery, the government has produced approximately thirty-five thousand (35,000) digital pages of discovery to date.  The government provided discovery to defendant Porsha Lee's current defense attorney on a rolling basis on the

following dates: June 3rd, June 4th, June 10th, June 26th, July 8th, August 14th, and September 15th. The government intends to produce additional discovery consistent with our discovery obligations as we prepare for trial.

If the court finds that Porsha Lee's current condition and ability to effectively prepare for trial warrants a later trial date, the court should rely on the presumption of joinder of trials in criminal conspiracy cases and set the entire joint trial out to a later date.

### 3. The ends of justice served by the continuance sought by defendant Porsha Lee outweigh the interest of the public and defendant Rachel Lee in a speedy trial.

"Generally speaking, defendants jointly charged are to be jointly tried." *Id.* at 1177 citing *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980). Jointly trying joined defendants promotes efficiency and fairness, prevents the "favoring of last-tried defendants who have the advantage of knowing the prosecutor's case before-hand" and spares witnesses and victims from "repeating in the inconvenience (and sometimes the trauma) of testifying" on multiple occasions. *Id.* citing *Richardson v. Marsh*, 481 U.S 200, 210 (1987).

The case the government intends to present against defendant Porsha Lee involves the exact same evidence the government intends to present against Rachel Lee. If the court were to sever the cases and Porsha Lee proceeded to trial after Rachel Lee, the government would need to call all the same witnesses and put on all the same evidence a second time. In this case, a second trial on the same facts wastes judicial resources, greatly increases inconvenience to witnesses, and undermines the interests of justice by creating an opportunity for inconsistent verdicts. Testifying once will cause additional trauma to the victim in this case – requiring him

/ / /

to testify twice in this case will impose unnecessary addition harm to a victim already greatly harmed by these defendants.

If the court grants defendant Porsha Lee's request for a continuance, this trumps defendant Rachel Lee's right to a speedy trial under the Speedy Trial Act. 18 U.S.C. § 3161(c)(1). Defendant Porsha Lee's request provides a sufficient basis for the court to grant a continuance of the trial, over the objection of defendant Rachel Lee, because "allowing … codefendants time to prepare for trial furthers the policy of favoring joint trials." *United States v. Lewis*, 611 F.3d 1172, 1178 (9th Cir. 2010). See *United States v. Dota*, 33 F.3d 1179, 1183 (9th Cir. 1994) (holding that an "ends of justice" continuance may be justified, over the objection of one defendant, on the grounds that codefendants need more time to review large amounts of discovery, do follow-up investigation, and prepare for trial).

This court previously ruled that this case is complex for purposes of 18 U.S.C. § 3161(h)(7)(B)(ii). In doing so, the court found the scheduled trial delay - from July 15, 2014 to October 27, 2014 - reasonable and excludable.

Should the court grant a continuance based on the requests of defendant Porsha Lee, the time of delay from the grant of the continuance until trial can and should be excluded time as to all four defendants, including Porsha Lee's co-defendant and mother, Rachel Lee. An exclusion as to one defendant applies to all codefendants. *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993).

Any delay based on defendant Porsha Lee's current request for additional time to prepare for trial is also reasonable. Section 3161(h)(6) provides that a court shall exclude a "reasonable" period of delay "when the defendant is joined for trial with a codefendant as to whom the time

**BLANCEY LEE AND DEFENDANT PORSHA LEE**

for trial has not run and no motion for severance has been granted." For purposes of this request, defendant Porsha Lee has waived her right to a speedy trial, and therefore her time for trial has not run. Therefore, the court may reject the motion for severance and reschedule the joint trial as to all defendants.

If the court finds that defendant Porsha Lee's condition and ability to prepare for trial warrants a later trial date, the court should hold that the ends of justice served by a continuance outweigh the interest of the public and all co-defendants in a speedy trial, select a specific date for trial, and find the time from the October 2, 2014 hearing to the new trial date both reasonable and excludable under the Speedy Trial Act. 18 U.S.C. § 3161(c)(1).

### III.  Conclusion

For the foregoing reasons, defendants' motions for severance should be denied. The Federal Rules of Criminal Procedure favor joinder to promote judicial economy and efficiency, diminish inconvenience to witnesses and public authorities, and serve the interests of justice by avoiding inconsistent verdicts. The presumption of joined trial is strongest in conspiracy cases like the current case.

Further, defendants have not demonstrated any undue prejudice sufficient to warrant severance. If the court finds that defendant Porsha Lee's condition and ability to prepare for trial warrants a later trial date, the court should hold that the ends of justice served by a continuance outweigh the interest of the public and all co-defendants in a speedy trial, select a specific date

/ / /

/ / /

/ / /

for trial, and find the time from the October 2, 2014 hearing to the new trial date both reasonable and excludable under the Speedy Trial Act. 18 U.S.C. § 3161(c)(1).

Dated this 19th day of September, 2014.

                                          Respectfully submitted,

                                          S. AMANDA MARSHALL
                                          United States Attorney

                                          */s/ Donna Maddux*
                                          DONNA MADDUX, OSB# 023757
                                          Assistant United States Attorney

                                          */s/ AnneMarie Sgarlata*
                                          ANNEMARIE SGARLATA, OSB #065061
                                          Assistant United States Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify a copy of the foregoing will be served on all parties registered on the Court's electronic filing system.

                                                     */s/ Donna Maddux*
                                                     DONNA MADDUX
                                                     Assistant United States Attorney