Lisa Hay, OSB #98062
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon  97204
Tel:    503-326-2123
Fax:    503-326-5524
lisa_hay@fd.org
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | No. 3:14-cr-00184-JO-1 |
| Plaintiff, | | |
| v. | | DEFENDANT RACHEL LEE'S RESPONSE TO AND MOTION TO JOIN CO-DEFENDANTS' MOTIONS TO SEVER |
| RACHEL LEE, | | |
| Defendant | | |

Defendant Rachel Lee, through her counsel Lisa Hay, hereby responds to and moves to join the motions filed by two co-defendants to sever trial. For the reasons stated

Page 1 – DEFENDANT RACHEL LEE'S RESPONSE TO AND MOTION TO JOIN CO-DEFENDANTS' MOTIONS TO SEVER

below, severance would protect Ms. Lee's Speedy Trial Rights and also avoid constitutional problems at trial. For this reason, Ms. Lee supports the motions for severance.

**BACKGROUND**

As the Court is aware, Rachel Lee was arrested on May 8, 2014 (docket # 20) and released on pretrial conditions by a magistrate judge in this district on June 18, 2014 (docket # 36). The government appealed the release order and prevailed on this Court to take Ms. Lee back into custody 12 days later (docket #44), despite her having complied with all pretrial conditions. She remains the only co-defendant in custody. When other co-defendants filed a motion to continue the July 15th trial date based on the complexity of the case, Ms. Lee filed an objection (docket #47).

At the scheduling hearing on July 15, 2014, Ms. Lee continued to object to a delay in the trial based on the designation of the case as complex. Over the defense objection, the Court declared the case complex and set the two-week trial to start on October 27th. The Court notified all counsel that this was a firm trial date that would not be changed. Ms. Lee's counsel has diligently prepared for this trial. Counsel for two of the co-defendants now indicate that they cannot adequately protect the constitutional rights of their clients at a joint trial on October 27th, and they move to sever. Ms. Lee supports their motions to sever, for the reasons below.

LEGAL ARGUMENT

Severance is governed by Federal Rule of Criminal Procedure 14, which states:

(a) Relief. If the joinder of offenses or defendants in an indictment, an information, or consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendant's trials, or provide any other relief that justice requires.

(b) Defendant's Statements. Before ruling on a defendant's motion to sever, the Court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

The Ninth Circuit has recognized that a motion for severance may properly be filed by a defendant seeking to avoid a trial continuance caused by a co-defendant. *United States v. Hall,* 181 F.3d 1057, 1063 (9th Cir. 1999) (ruling in context of that case that court should have severed trial rather than carry defendant along for 2 ½ month continuance based on co-defendant's request); *United States v. Messer*, 197 F.3d 330, 338 (9th Cir. 1999) (noting that pretrial detention of defendant supports argument that trial delay is prejudicial). In this case, where Ms. Lee has already asserted her Speedy Trial Rights and objected to delay; where the Court set a firm trial date that is almost six months after the date on which Ms. Lee was arrested; and where health circumstances prevent one co-defendant from being prepared for trial on the firm date, the Court should sever the trial.

In addition, severance is appropriate under *Bruton v. United States*, 391 U.S. 123 (1968), to avoid a violation of the Confrontation Clause at trial. Both of the co-defendants

who seek severance have provided lengthy (hours long) post-arrest statements to the government, and have specifically named defendant Rachel Lee and discussed her conduct. The government presumably will seek to use those statements at trial. Those statements, having been made outside the time period of the alleged conspiracy, are not admissible against Ms. Lee. The government's use of the statements of non-testifying codefendants would violate Ms. Lee's right of confrontation under the Sixth Amendment. S*ee, e.g.*, *United States v. Mitchell,* 502 F.3d 931, 965 (9th Cir. 2007) ("Under Bruton and its progeny, the admission of a statement made by a non-testifying codefendant violates the Confrontation Clause when that statement facially, expressly, clearly, or powerfully implicates the defendant.") (citation omitted). Severance provides a remedy to this potential confrontation problem. *Id.*

Under Rule 14 of the Federal Rules of Criminal Procedure, the Court can order the government to provide to the Court any statement of a defendant that it intends to use as evidence. Fed.R.Crim.P 14(b). The Court can then make a determination as to whether severance is the most effective method of preventing inadmissible hearsay from being introduced at trial. Ms. Lee requests that the Court follow this procedure if it is not inclined to grant severance based on the motions of the co-defendants alone.

**CONCLUSION**

Severance of the Ms. Lee's trial from that of her co-defendants should be granted to protect Ms. Lee's Speedy Trial Rights and Sixth Amendment rights to confront the evidence against her. For these reasons Ms. Lee supports and joins the co-defendants' motions to sever.

Respectfully submitted,

/s/ *Lisa Hay*

_____

Lisa Hay
Attorney for Defendant