



**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*     *(503) 727-1000*
*Portland, OR 97204-2902*     *Fax (503) 727-1117*

November 17, 2014

Benjamin Souede
Angeli Unger Law Group LLC
121 SW Morrison Street, Suite 400
Portland, Oregon  97204
Email: Ben@angelilaw.com

> Re:     ***United States v. Blancey Lee***, Case No. 14-CR-184(2)
>          Plea Agreement Letter

Dear Counsel:

1.     **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.   This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**:  Defendant agrees to plead guilty to Count 13 of the Superseding Indictment, which charges the crime of Conspiracy to Commit Transactional Money Laundering, in violation of Title 18, United States Code, Section 1956(h), and Count 17 of the Superseding Indictment, which charges the crime of Filing a False 2012 Form 1040, in violation of Title 26, United States Code, Section 7206(1).

3.     **Penalties**:  The maximum sentences are as follows:

- **Count 13, Title 18, United States Code, Section 1956(h)**:   twenty (20) years imprisonment, a fine of $500,000, three (3) years of supervised release and a $100 fee assessment (Class C Felony).
- **Count 17, Title 26, United States Code, Section 7206(1):** three (3) years imprisonment, a fine of $250,000, the costs of prosecution, one (1) year supervised release, and a $100 fee assessment (Class E Felony).

Defendant agrees to pay the fee assessments by the time of entry of guilty plea or explain to the Court why this cannot be done.   Defendant further stipulates to the forfeiture of the assets as set forth below.

4.     **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to

Revised 02/03/10

Benjamin Souede
Re:   Blancey Lee Plea Agreement
Page 2

dismiss the remaining counts against defendant (Counts 1, 3, 5, 6, 8, 9, 10, and 11).   The USAO further agrees not to bring additional criminal charges against the defendant, Paul Lee, Christopher Lee, or Brenda Marks arising out of this investigation, known to the USAO at the time of this agreement.

5.   **Sentencing Factors**:   The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).   Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.   **Elements**:   In order for defendant to be found guilty of **Count 13, Conspiracy to Commit Transactional Money Laundering**, in violation of 18 U.S.C. § 1956(h), the government must prove the following elements beyond a reasonable doubt: (1) an agreement between defendant and at least one other person to commit transactional money laundering; (2) defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it; and (3) some part of the conspiracy took place within the District of Oregon (preponderance standard as to venue).

In order for the defendant to be found guilty of **Count 17, Filing a False 2012 Form 1040** in violation of 26 U.S.C. § 7206(1), the government must prove the following elements beyond a reasonable doubt: (1) defendant did make and subscribe a return that was false as to a material matter; (2) the return contained a written declaration that it was made under the penalties of perjury; (3) defendant did not believe the return to be true and correct as to every material matter; and (4) willfulness.

7.   **Admissions**:   As part of the plea agreement, defendant Blancey Lee admits that the following is an accurate, though non-exhaustive, statement of the offense conduct with respect to Count 13 of the Superseding Indictment, which charges the crime of Conspiracy to Commit Transactional Money Laundering in violation of Title 18, United States Code, Section 1956(h), and Count 17 of the Superseding Indictment, which charges the crime of Filing a False 2010 Form 1040, in violation of Title 26, United States Code, Section 7206(1).

    A. **Count 13**: Defendant Blancey Lee admits he engaged in monetary transactions in cooperation with Rachel Lee, which transactions affected interstate commerce and involved a value greater than $10,000.   At the time he engaged in these transactions, he had a subjective belief that there was a high probability that these monetary transactions involved property derived from some form of unlawful activity, and he took the deliberate action of failing to investigate whether the monetary transactions involved property derived from some form of unlawful activity.   These transactions include but are not limited to the purchase of a 2012 Bentley and a 2012 Ferrari on July 27, 2013 in California, and in fact involved property derived from wire fraud.

Benjamin Souede
Re:   Blancey Lee Plea Agreement
Page 3

B. **Count 17:** Defendant Blancey Lee admits he electronically signed his 2012 Form 1040 and caused the 2012 Form 1040 to be electronically filed with the Internal Revenue Service.   Blancey Lee further admits that he knowingly provided false information to his return preparer, Laurie Mills, regarding income and dependents to be included in his 2012 Form 1040.   For 2012, Blancey Lee declared $30,936 in net business income and failed to report income he received from Rachel Lee's fraudulent scheme and income he received from rental properties.   Blancey Lee also fraudulently claimed Giorgio Lee as his son and dependent in his 2012 Form 1040, despite knowing that Giorgio Lee is not Blancey Lee's son.

8.   **Relevant Conduct:**   The parties agree that under U.S.S.G. § 2B1.1(a)(1) and 2S1.1(a)(1), the base offense level is seven (7).  A one (1) level increase under U.S.S.G. § 2S1.1(b)(2)(A) is required because the underlying statute for the money laundering conspiracy is 18 U.S.C. § 1957. The offense level should be increased by sixteen (16) under U.S.S.G. § 2B1.1(b)(1)(I) because the loss exceeds $1,000,000.  Defendant acknowledges and agrees that the loss exceeds $1,000,000 but is less than $2,500,000 and will not contest loss at sentencing.

The government believes that this results in an offense level of **twenty-four (24).**   The defendant's criminal history category will be determined after the preparation of a Pre-Sentence Report.  The parties make no agreements about the defendant's criminal history category.

9.   **Acceptance of Responsibility:**   Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case.   If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16).   The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

10.   **Sentencing Recommendation:** The parties agree that the Court is free to arrive at a guideline range considering all relevant conduct, specific offense characteristics, role adjustments and the adjustment for acceptance of responsibility. The government agrees that, regardless of the guideline range found applicable, in consideration of all factors including those under 18 U.S.C. § 3553(a), its recommendation will not exceed 15 months in prison.  The defendant may argue for any sentence and the government may oppose the recommendation of the defendant.

11.   **Court Bound Under Fed.R.Crim. P. 11(c)(1)(C):**

(a)   The parties' agreement regarding the sentencing recommendation is entered into pursuant to Fed.R.Crim.P. Rule 11(c)(1)(C).  The defendant understands the Court may accept this agreement, reject it, or defer its decision and request a Presentence Report be prepared.  If the Court accepts this agreement, and the Court imposes a term of imprisonment, the Court is bound to impose a term of imprisonment no greater than 15 months.  If the Court rejects this agreement, the defendant will have the right to withdraw his guilty plea to Counts 13 and 17 of the Superseding

Benjamin Souede
Re:  Blancey Lee Plea Agreement
Page 4

Indictment and the defendant and the government will be free to proceed as if this agreement did
not exist.

     (b)    Except with respect to a term of imprisonment, the defendant and the government
agree that all other sentencing issues, including the amount of restitution, the applicability of a
criminal fine, and the terms and conditions of supervised release, are governed by the provisions of
Fed.R.Crim.P. Rule 11(c)(1)(B), and that the Court is not bound by the recommendations of the
defendant or the government with respect to any other aspect of the defendant's sentence.

     (c)    The defendant understands and agrees he cannot withdraw his guilty plea to Counts 13
and 17 of the Superseding Indictment if the Court accepts this agreement and imposes a term of
imprisonment that does not exceed 15 months.  The defendant further understands and agrees he
cannot withdraw his guilty plea or rescind this plea agreement if the Court does not follow the
agreement of the parties, or the recommendation of either party, with respect to sentencing issues
regarding the amount of restitution, the applicability of a criminal fine, and the terms and
conditions of supervised release.

12.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily
waives the right to appeal from any aspect of the conviction and sentence on any grounds, except
for a claim that:  (1) the sentence imposed exceeds the statutory maximum, or (2) the Court
arrives at an advisory sentencing guideline range by applying an upward departure under the
provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C.
§ 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.  Should
defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on
appeal.  Defendant also waives the right to file any collateral attack, including a motion under
28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on
grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and
18 U.S.C. § 3582(c)(2).

13.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and
the Court of the facts and law related to defendant's case.  Except as set forth in this agreement,
the parties reserve all other rights to make sentencing recommendations and to respond to motions
and arguments by the opposition.

14.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or
commits any new criminal offenses between signing this agreement and sentencing, the USAO is
relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15.    **Forfeiture Terms**:

     A.    **Assets and Authority**:  By signing this agreement, defendant knowingly and
voluntarily forfeits all right, title, and interest in and to all assets subject to forfeiture under 18
U.S.C. §§ 981(a)(1)(C), 982(a)(1); 21 U.S.C. § 853(p); or 28 U.S.C. § 2461(c), including all assets
listed in the Third Amended Bill of Particulars.  Defendant admits that these assets constitute
proceeds traceable to, or property derived from proceeds obtained directly or indirectly as a result
of, defendant's conduct in violation of 18 U.S.C. § 1956(h), as set forth in Count 13 of the

Benjamin Souede
Re:   Blancey Lee Plea Agreement
Page 5

Superseding Indictment.

B.      **Agreement to Civil Forfeiture:**  Defendant agrees not to file a claim or withdraw any claim already filed to any of the assets listed in the Third Amended Bill of Particulars in any civil proceeding, administrative or judicial, which has been or may be initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving any this property, and agrees not to assist others in filing a claim in any forfeiture proceeding.

C.      **No Alteration or Satisfaction:**  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.  Defendant agrees that forfeiture of substitute assets as authorized pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of defendant's sentence.

D.      **Title Assistance:**  Defendant agrees to fully assist the USAO in the forfeiture of these assets, and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States; assisting in bringing any assets located outside the United States into the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

E.      **Assets Not Identified:**  The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil action which is to be resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F.      **Disclosure of Assets:**  Defendant agrees to completely and truthfully disclose to law enforcement officials, at a date and time to be set by the USAO, the whereabouts of defendant's ownership interest in, and all other information known to defendant about, all monies, property or assets of any kind in the possession of defendant or nominees, derived from or acquired as a result of the commission of defendant's illegal activities as set forth in Count 1 of the Superseding Indictment, and to complete and deliver to the USAO no later than eight (8) weeks prior to sentencing a financial disclosure form listing all of defendant's assets.  Defendant understands and acknowledges that the USAO is relying upon defendant's representations in entering into this plea agreement.  If those representations are false or inaccurate in any way, the USAO may pursue any and all forfeiture remedies available, may seek to have the plea agreement voided, and may seek to have defendant's sentence enhanced for obstruction of justice pursuant to U.S.S.G. § 3C1.1.

Benjamin Souede
Re:  Blancey Lee Plea Agreement
Page 6

     G.    **Polygraph Examination:**  Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States, with an examiner selected by the USAO.  If the examination results indicate an intent to deceive the USAO with respect to assets, defendant will be afforded the opportunity to review and explain the deceptive responses.  If, after consideration of defendant's responses, the USAO is convinced defendant's financial statement is not complete and truthful, the USAO is not limited to the forfeiture set forth in this agreement and is free to pursue all forfeiture remedies available.

     H.    **Assets and Authority:**  By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to a money judgment in the amount of the proceeds of the charged conduct in Count 13 of the Superseding Indictment pursuant to 18 U.S.C. §§ 981, 982.  The proceeds of the charged conduct are equivalent to the restitution amount and will be determined by the Court.

16.    **Restitution:**  The Court shall order restitution to the victim(s) in the full amount of each victim's losses as required by law and determined by the Court.  The USAO shall seek a joint and several restitution order as appropriate and consistent with the fact of this case.

    Defendant agrees that, while the district court sets the payment schedule, this schedule may be exceeded if and when defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the United States may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

    On or before thirty (30) days prior to sentencing, defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before the defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships and corporations.

    On or before thirty (30) days prior to sentencing, defendant agrees to transfer to the United States any and all assets that he possesses or controls for the purpose of satisfying the restitution order in part, except those subject to the exceptions under Title 18 U.S.C. Section 3613.  For purposes of this provision, the parties agree that restitution in this case will be at least $2,461,600.50.

17.    **Memorialization of Agreement:**  No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

/ / /

/ / /

/ / /

Revised 02/03/10

Benjamin Souede
Re:   Blancey Lee Plea Agreement
Page 7

18.    **Deadline:**  This plea offer expires if not accepted by **Friday, November 21, 2014 at 5:00 p.m.**

Sincerely,

S. AMANDA MARSHALL
United States Attorney


Donna Maddux
Assistant United States Attorney


I have carefully reviewed every part of this agreement with my attorney.   I understand and voluntarily agree to its terms.   I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

11·21·2014
Date

Blancey Lee, Defendant


I represent the defendant as legal counsel.   I have carefully reviewed every part of this agreement with defendant.   To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

11/21/14
Date

Benjamin Souede, Attorney for Defendant